Norris, J.
Plaintiff in error, as the administratrix of the estate of John Ronker, commenced her action in the court of common pleas of this county to recover against the defendant, I. L. St. John, under section 6134 of the Revised Statutes, for causing the death of said Ronker by defendant’s wrongful act, neglect and default. After making formal averments in her petition,she tenders as the facts upon which she bases her right to recover, that Ronker,her decedent, was at periodical times in the habit of becoming intoxicated, which fact was well known to the defendant. That on the 12tbu day of May, 1899, in the city of Tiffin, defendant was engaged in the business of selling drugs and medicines, and', filling prescriptions. On that day Ronker, while in a state of intoxication,applied to the defendant for a certain poisonous drug known as strychnine. That defendant then well knew that Ronker was intoxicated, and he negligently sold *40 the said poison to him, That he sold the strychnine to him, and negligently and unlawfully failed to put upon the package in which the poison was enclosed,a lahle having thereon in red ink the name by which the .drug is commonly known, the warning emblem of the skull and cross bones, the words “caution” and “poison”, and the names of two of the most readily 'obtainable and effective antidotes to the poison as the law provides. That Ronker,"while in said intoxicated condition, after procuring the poison as recited, took the same, and from its effects he died, Plaintiff says that by reason of said unlawful and negligent sale of said drug to Ronker while he was so intoxicated,and the failure of the defendant to label the package as required by law, and all this with full knowledge upon !he defendant’s part of Ronker’s habits and condition, and that he was not capable of knowing the effects of the deadly drug while in said state of intoxication, defendant has been guilty of causing the death of said Ronker, to her damage in the sum of 110,000, which she seeks to recover.
To this petition the defendant filed his general demurrer “that the allegations of the petition are not sufficient to constitute a cause of action.against him.” This demurrer the trial court sustained, and the plaintiff not desiring to amend her petition or to plead further,, it was adjudged that the petition be dismissed and the defendant go hence without day, and the plaintiff pay the costs.
The plaintiff seeks to reverse the judgment of the common pleas, and assigns for cause, in substance, that the judgment of the trial court is contrary to law, and that the court erred in sustaining the demurrer to her said petition, The acts of negligence charged in the petition and upon which plaintiff relies to fix liability of the defendant are, that defendant sold the poison to Ronker while he, Ronker, was in a state of intoxication, of which condition defendant then had knowledge; and that, defendant failed and neglected to place upon the package the cautionary label required by the statute,
Selling the poison to Ronker while he was in the condition described in the petition, with knowledge upon defendant’s part that he was intoxieatedj could not of itself have caused Ronker’s death, and failing to put the label upon *41 the package which the law required did not of itself directly contribute to that result; and neither the one,nor the other, or both, as here pleaded, could have resulted in Honker’s death,or even injury. While the selling or apt of sale under the circumstances recited and the failure to place the label on the package may have been both in commission and omission wrongful acts, yet the petition discloses that there intervened the act of decedent himself which stands next and nearest to his death. That the proximate act, that which was the closest and proximate cause,and without which death would not have resulted, and in the absence of which the sale and failure to labei would have been harmless so far as affects the consequences for which plaintiff seeks to recover, was the taking of the poison, self-administered by Honker, not induced by defendant, not compelled by him, not with his knowledge or advise or consent, but the voluntary or involuntary act of Honker himself in which defendant had no part.
While the petition makes averment that the defendant knew Honker was so iutoxicated that he did not know the effect of the drug, the pleadmg falls short of making averment that Honker’s condition at the time of the sale was such that he did not in fact know the effect of strychnine when introduced into the human stomach. Neither does it make declaration that when he took.it he was not aware of his act. But be that as it may, the act of the defendant of which plaintiff complains could in nowise, as stated in this petition, be held answerable as the proximate cause of death.
The case at bar bears no semblance to the illustration of putting a razor in the hands of an infant, or of a drunken man in front of a locomotive with the eye of the engine driver upoD him. In either of the instances quoted a reasonable man would anticipate but one result — to the infant the natural and probable consequences would be bodily harm; to the drunken man on the railroad track the inevitable result would be, unless the locomotive was stopped, that the machine would pass over the drunken man’s body. In these illustrations the inevitable consequences are present and apparent. But not so here. This petition does not put St John in a position in which a reasonably prudent man under similar circumstances would have anticipated the result. It does not follow as a consequence, and it is not to be ex *42 pected nor foreseen nor suspicioned from the fact of intoxication alone that an intoxicated man who gets possession of strychnine will take it. It is not an act which so often occurs as to warn a prudent man to beware of its probability. This petition says that deceased was in mental condition to. apply for the purchase of that drug in the ordinary matter-in which business of that character is transacted; so he was. not entirely devoid of mental equipoise. He knew what he wanted, and bought it. So that a label would not have extended his information as to what he was buying or had bought.
A. SJcransewfky, E. E. Williams, for Plaintiff in Error..
McCauley & Weller, for Defendant in Error.
Aside.from the fact that Ronker was intoxicated and'; might carelessly dispose of or place the package so as to injure others, there was nothing to call upon defendant to anticipate evil consequences from the sale or from the failure-to label the package; but this danger and the evil result of these possible acts of deceased which defendant ought to have guarded against is not the injury complained of here.
Deceased was intoxicated and used the poison against his own life, and because he did so plaintiff seeks to hold defendant liable. If death had not ensued, but injury merely to Ronker, could he have maintained his action and have recovered? Was he not guilty of negligence in putting himself in condition to thus hurt himself with the means-thus placed in his hands by the defendant, because without his own act in becoming intoxicated and in administering poison to himself, as pleaded by this petition, no injury would-have resulted to him from the act of the defendant.
We are of the opjinion that the acts of the deceased, his-own negligent acts, were the proximate cause of bis death,and-that they were independent acts, not dependent upon the sale or the failure of the defendant to label, but were substantive acts and proximate acts which intervened and broke any possible causal connection between the acts of the defendant and the death of Ronker, and rendered the sale and failure to label remote acts.
With this view we find no error in the record to the prejudice of plaintiff in error. The judgment of the common pleas is affirmed at costs of plaintiff in error, and he case is-remanded for execution.